UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOSEPH RYAN CARLSON,

        Petitioner,        Case No. 1:13-cv-1140

v.        Honorable Paul L. Maloney

MARY BERGHUIS,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

## Factual Allegations

Petitioner is incarcerated in the E. C. Brooks Correctional Facility. He was convicted in the Kent County Circuit Court of two counts of first-degree criminal sexual conduct (CSC I), MICH. COMP. LAWS § 750.520b(1)(a) (person under 13 years of age); and one count of second-degree criminal sexual conduct (CSC II), MICH. COMP. LAWS § 750.520c(1)(a) (person under 13 years of age). The victim was Petitioner's daughter, who was three years old at the time of the alleged offenses. On July 24, 2008, the trial court sentenced Petitioner as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to concurrent prison terms of 25 to 40 years for each of the CSC I convictions and 12 to 24 years for the CSC II conviction.

Petitioner appealed as of right to the Michigan Court of Appeals, claiming that he was entitled to a directed verdict on the two counts of CSC I, because the only substantive evidence of penetration was the victim's hearsay statements made to social service and medical personnel, which Petitioner maintained were inadmissible. In an unpublished opinion issued on November 5, 2009, the Michigan Court of Appeals concluded that the admission of the victim's hearsay statement to Melissa Peterson, a social worker, was plain error. Because the victim's statements to Peterson provided the only evidence of penetration, the court of appeals found that the trial court erred in denying Petitioner's motion for a directed verdict on the two counts of CSC I and vacated Petitioner's two CSC I convictions. The court affirmed the CSC II conviction. The court of appeals subsequently denied Petitioner's motion for reconsideration on January 21, 2010.

Petitioner sought leave to appeal in the Michigan Supreme Court. In an order issued on March 31, 2010, the Michigan Supreme Court reversed the part of the judgment of the Michigan Court of Appeals vacating Petitioner's CSC I convictions and remanded the case to the court of

appeals to re-consider whether there was other admissible evidence not considered by the court of appeals that would support a finding of penetration. The supreme court further directed the court of appeals to determine whether a remand for a new trial was appropriate. In all other respects, the supreme court denied leave to appeal.

On August 10, 2010, the Michigan Court of Appeals issued an opinion on remand, finding that there was other admissible evidence of penetration sufficient to support Petitioner's convictions for CSC I. Consequently, the court of appeals affirmed Petitioner's convictions for CSC I. The Michigan Supreme Court denied Petitioner's application for leave to appeal on December 20, 2010.

Petitioner filed a motion for relief from judgment in the Kent County Circuit Court on December 14, 2011. In his motion, Petitioner claimed that his trial counsel was ineffective for failing to file pre-trial motions challenging the hearsay statements made by social services and medical personnel. He also claimed that his appellate counsel on direct appeal was ineffective for failing to raise the claim of ineffective assistance of trial counsel. The circuit court denied Petitioner's motion on December 29, 2011. The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's applications for leave to appeal on May 8, 2012 and October 22, 2012, respectively, for failure to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D).

In his application for habeas corpus relief, Petitioner raises the same claims asserted in his direct appeal and his motion for relief from judgment. Petitioner also brings a motion to stay the proceedings (docket #3) because he intends to file a second motion for relief from judgment in the state court raising new claims of error.

## Discussion

I. **Statute of Limitations**

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The proceedings on Petitioner's direct appeal concluded on December 20, 2010, when the Michigan Supreme Court denied Petitioner's application for leave to appeal. Petitioner did not petition for certiorari to the United States Supreme

Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on March 20, 2011.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). The statute of limitations was tolled when Petitioner filed his motion for relief from judgment on December 14, 2011. At that time, Petitioner had 97 days remaining in the limitations period. The statute remained tolled until the Michigan Supreme Court denied Petitioner's application for leave to appeal on October 22, 2012. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (an application for post-conviction relief remains pending until the application has achieved final resolution through the state's post-conviction procedures). Thereafter, Petitioner had 97 days, until Monday, January 28, 2013, to file his habeas petition. The instant petition was filed on or about October 14, 2013[1], more than eight months after the statute of limitations expired. Thus, his application is time-barred.

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his petition on October 14, 2013, and it was received by the Court on October 16, 2013. Thus, it must have been handed to prison officials for mailing at some time between October 14 and 16. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v.*

*Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to making a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

Petitioner does not offer any new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. The only issue raised regarding Petitioner's guilt is a challenge to the sufficiency of the evidence under *Jackson v. Virginia*, 443 U.S. 307 (1979), which is not equivalent to a claim of actual innocence. *See House v. Bell*, 547 U.S. 518, 538 (2006). Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

II. **Motion to Stay**

Petitioner seeks a stay of these proceedings while he pursues new claims in the state courts. Because the petition is subject to dismissal for failure to comply with the one-year statute of limitations, Petitioner's motion for a stay of the proceedings (docket #3) should be denied as moot.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I also recommend that Petitioner's motion for a stay of the proceedings (docket #3) be denied as moot. I further recommend that a certificate of appealability be denied. *See Slack v. I McDaniel*, 529 U.S. 473 (2000).


Dated:   November 12, 2013               /s/  Joseph G. Scoville
                                         U.S. Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).