UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH RYAN CARLSON #387900,<br>    Petitioner,<br><br>-v-<br><br>MARY BERGHUIS,<br>    Respondent. | No. 1:13-cv-1140<br><br>HONORABLE PAUL L. MALONEY |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner Joseph Carlson, a prisoner under the control of the Michigan Department of Corrections ("MDOC"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Carlson was convicted of the crimes that are the subject of this petition by a jury in 2008. The magistrate judge performed a preliminary review of the application, and issued a report recommending the application be denied as time barred. (ECF No. 5 "R&R.") Carlson timely filed objections. (ECF No. 6.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Here, having reviewed the objections de novo, the Court finds the report and recommendation accurately states the applicable facts and correctly applies the relevant law.

Carlson's objection (ECF No. 6) is **OVERRULED**, and the report and recommendation (ECF No. 5) is **ADOPTED**, over objections, as the opinion of this court. The results of a polygraph examination are insufficient to establish actual innocence and thereby excuse the procedural bar of § 2254's statute of limitations. *See Bolton v. Berghuis*, 164 F. App'x 543 (6th Cir. 2006) (holding that polygraph examination results are not admissible or reliable evidence and cannot support a prisoner's claim of innocence); *Knickerbocker v. Wolfenbarger*, 212 F. App'x 426 (6th Cir. 2007) (holding that "polygraph evidence is not persuasive evidence of actual innocence"). The remainder of Carlson's objections likewise do not undermine the sound reasoning or the legal authority provided in the R&R. Accordingly, the application for writ of habeas corpus is **DISMISSED.**

Consistent with the recommendations in the report, a Certificate of Appealabilty is **DENIED.** Reasonable jurists would not disagree that the application filed by Carlson was time barred.

   **IT IS SO ORDERED**.


Date:   December 31, 2013                                    /s/ Paul L. Maloney
                                                             Paul L. Maloney
                                                             Chief United States District Judge